[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-11173

Non-Argument Calendar

————————————

ABDUR-RAHIM DIB DUDAR,

Plaintiff-Appellant,

*versus*

DEPARTMENT OF COMMUNITY AFFAIRS,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03274-WMR

————————————

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Abdur-Rahim Dib Dudar, proceeding pro se, filed a 42 U.S.C. § 1983 action against the Georgia Department of Community Affairs (DCA), alleging that the DCA failed to remove one of his tenants. The district court dismissed Dudar's complaint for lack of subject matter jurisdiction, due to the DCA's immunity under the Eleventh Amendment, and for failure to state a claim. Dudar argues that sovereign immunity is unconstitutional and asserts, for the first time on appeal, that the DCA violated the Fifth Amendment Takings Clause and the Contracts Clause of Article I.

I.

This appeal stems from an underlying dispute between Dudar and the DCA concerning the DCA's Housing Choice Voucher Program. Dudar planned to rent his Georgia home to a participant in the Program, but the DCA denied Dudar's Request for Tenancy Approval based upon a dispute over the amount of rent to be charged to the participant. Dudar brought suit against the DCA in the Gwinnett County Superior Court, which was subsequently transferred to the Fulton County Superior Court. In that suit, Dudar sought damages resulting from the DCA's denial of his Request for Tenancy Approval. The court ultimately granted the DCA's motion to dismiss on the grounds of sovereign immunity, failure to send an *ante litem* notice, and failure to state a claim.

Dudar directly appealed the order of dismissal to the Georgia Court of Appeals.  The Georgia Court of Appeals dismissed the appeal because it was not brought by application for discretionary appeal as required by Georgia law.

Dudar then filed this action against the DCA in federal court. In his complaint, Dudar did not attribute any specific constitutional violations to the DCA, but rather alleged that the Fulton County Superior Court judge violated his Fourteenth Amendment rights by ordering dismissal prior to discovery.  The DCA moved to dismiss Dudar's complaint, arguing that the district court lacked subject matter jurisdiction based on Eleventh Amendment immunity, that Dudar failed to state a claim upon which relief could be granted, and that res judicata barred Dudar's suit.  Dudar responded to the DCA's motion to dismiss and moved for summary judgment.  The district court granted the DCA's motion to dismiss and denied Dudar's motion for summary judgment as moot, reasoning that the DCA was entitled to sovereign immunity and that Dudar failed to state a plausible Fourteenth Amendment claim.

On appeal, Dudar argues that sovereign immunity is unconstitutional because it prevents the state from being sued.  He also contends that, on November 3, 2020, "[t]he People voted 50 to 0 to abolish Sovereign Immunity."  Dudar next asserts, for the first time on appeal, that the state of Georgia (1) committed a Fifth Amendment taking for which he is owed compensation and (2) violated the Contracts Clause by refusing to issue a housing assistance payment contract to him.

## II.

We review de novo both the dismissal of a complaint for lack of subject matter jurisdiction and the dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Houston v. Marod Supermkts., Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013); *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). Although we liberally construe a pro se brief, a pro se party may still abandon an issue by not briefing it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). The plaintiff has the burden of proving that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Section 1983 provides a cause of action by private citizens against a government "person" for violations of their constitutional rights and other federal laws. 42 U.S.C. § 1983. However, a state agency is not a "person" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Generally, the Eleventh Amendment bars suits against states or state agencies in federal court, including suits by a state's own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005).

21-11173                Opinion of the Court                5

The Eleventh Amendment is no bar to suit, however, where (1) the state consents to suit in federal court, or (2) Congress has abrogated the state's sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). But Georgia has not waived "any immunity with respect to actions brought in the courts of the United States." O.C.G.A. § 50-21-23(b). And § 1983 does not override states' Eleventh Amendment immunity, meaning that, "if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim." *Pennhurst*, 465 U.S. at 120 (explaining that the Eleventh Amendment "is a specific constitutional bar against hearing even *federal* claims that otherwise would be within the jurisdiction of the federal courts").

### III.

As an initial matter, Dudar has abandoned any argument that the DCA is not entitled to Eleventh Amendment immunity because he failed to brief the issue on appeal. *Timson*, 518 F.3d at 874. Even if Dudar has not abandoned this argument, the district court properly found that the DCA is entitled to Eleventh Amendment immunity. There is no legal or factual support for Dudar's assertion that sovereign immunity is unconstitutional, and his argument does not bear on whether the DCA has consented to suit or whether Congress has abrogated the DCA's sovereign immunity. Assuming that Dudar plausibly stated a constitutional claim against the DCA—a state agency—the Eleventh Amendment bars any relief on that claim unless the DCA consents to suit. *Feeney*,

495 U.S. at 304; *Pennhurst*, 465 U.S. at 120.  And neither Georgia nor the DCA consented to suit.  O.C.G.A. § 50-21-23(b).

Moreover, this conclusion would not be altered by our consideration of Dudar's Fifth Amendment Takings and Contracts Clause arguments for the first time on appeal.  While the general rule is that we will not consider an issue raised for the first time on appeal, we will consider such an issue when proper resolution is beyond any doubt.  *Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1271–72 (11th Cir. 2019).  Accordingly, we may consider Dudar's Fifth Amendment Takings Clause and Contracts Clause arguments for the first time on appeal because proper resolution is beyond any doubt: the Eleventh Amendment bars such claims—no matter the constitutional provision—since neither Georgia nor the DCA consented to suit.  *Feeney*, 495 U.S. at 304; *Pennhurst*, 465 U.S. at 120; O.C.G.A. § 50-21-23(b).

Even if the Eleventh Amendment did not bar Dudar's claims, Dudar abandons any argument that his complaint plausibly stated a claim upon which relief may granted.  Nowhere in the one-page Argument section of his brief does Dudar state the proper pleading standards or attempt to argue that his complaint met them.  And, in any event, the district court properly found that Dudar failed to state a claim.  The DCA is not a "person" within the meaning of § 1983 and, thus, § 1983 does not provide a cause of action for Dudar to sue the DCA.  *Will*, 491 U.S. at 71.  Accordingly, we affirm the dismissal of Dudar's complaint.

**AFFIRMED.**